GreeN, J.
delivered the opinion of the court.
The slave, Elijah, was convicted in the circuit Court of Smith county, for an assault and battery “upon David C. Puryear, being a free white person,” with intent to commit murder in the first degree. This indictment was framed upon the 10th section of the act of 1835, ch. 19, (Car. & Nich. 683,) which enacts, that “any slave or slaves who shall commit an assault and battery upon any feee white person, with intent to commit murder in the first degree, or a rape upon a free white woman, shall on conviction be punish *456 ed with death by hanging.” The capital character of the offence created by the act, consists in the fact, that the person intended to be murdered by the slave, shall be a “free white person.” The indictment so charges the offence. Without this charge the indictment would have been defective, as has been decided the present term in Grandison’s case.
But, a fact that is essential should be laid in the indictment, and that constitutes the very gravamen of the charge, must also be proved. This is too plain a proposition to ■ admit of argument.— But it has been suggested, that the exhibition of Puryear, as a witness, was sufficient evidence that he was white and free.
If the fact be so, perhaps such exhibition of the person before the jury, would have made it unnecessary for any witness to be called on to swear that Puryear was a white person and free; but the fact must appear in the bill of exceptions, or we cannot know that it existed. Upon the strictest scrutiny, of the bill of exceptions, we are unable to detect any fact from which we can judicially infer that Puryear is a free white man. The name, as was said in Grandison’s case, imports nothing, for negroes have such names. Nor does his office of foreman in a mechanic’s shop, nor the fact that he was a witness in this cause, tend to prove whether he was black or white. Many negroes are conductors of mechanic shops, and several negro slaves were witnesses in this cause.
It would not do to say that we are not to presume, the jury would convict and the court would condemn the defendant, unless it had appeared, that the person he attempted to kill was a white man. The same argument might have been made in Ewell’s case. In that case, there was no evidence that the offence was committed in Bedford county. * This was a necessary allegation in the indictment, in order to give the court jurisdiction; and this court held, that it must be proved, and that we could not presume that it had been proved, as the bill of exceptions, purporting to set out all the evidence, did not show it; so in this case, the bill of exceptions states that it contains all the evidence in the cause, and it does not show that it appeared to the jury that Puryear was a free white man.
As to the ground, which counsel has pressed upon the court, that the verdict was not justified by the proof in the cause, we think proper to express no opinion, as the judgment will be reversed upon another point, and we think it proper that the jury that may *457 hereafter sit in judgment upon the prisoner shall be uninfluenced by-any opinion of this court upon the facts. Let the judgment'.beiv reversed, and a new trial awarded. , •’<,

See 6 Yerger, 376.